IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONTE BOATMAN | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 16-CV-641-SMY |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

On June 14, 2016, Petitioner Monte Boatman filed a Habeas Petition Under 28 U.S.C. § 2255 challenging his sentence based on the Supreme Court's decision in *Johnson v. United States*—which applies retroactively on collateral review—that an enhanced sentence under the residual clause of the Armed Career Criminal Act ("ACCA") violates due process because the residual clause is unconstitutionally vague. 135 S.Ct. 2551 (2015); *Welch v. United States*, No. 15-6418, 2016 WL 1551144 (Apr. 18, 2016) (Doc. 1). For the following reasons, Boatman's petition is **DISMISSED** for lack of jurisdiction.

Under Rule 4(b) of the Rules Governing § 2255 Proceedings in the United States District Courts, a judge receiving a § 2255 petition must conduct a preliminary review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." A preliminary review of Boatman's petition establishes that it must be dismissed as an unauthorized second or successive habeas petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "governs § 2255 proceedings and imposes tight limits on second or successive petitions." *Vitrano v. United*

*States*, 721 F.3d 802, 806 (7th Cir. 2013) (citing *Suggs v. United States*, 705 F.3d 279, 285 (7th Cir. 2013)). Specifically, AEDPA "allows every prisoner one full opportunity to seek collateral review." *Vitrano*, 721 F.3d at 806 (quoting *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). Any additional, later-filed petition under 28 U.S.C. § 2255 is a "second or successive" motion, which a district court may not entertain "unless the prisoner has first obtained authorization to file from the court of appeals." *United States v. Obeid*, 707 F.3d 898, 901 (7th Cir. 2013) (citing 18 U.S.C. §§ 2244(a); 2255(h)).

Here, Boatman previously filed a § 2255 petition and received a full round of collateral review (*see Boatman v. United States*, Case No. 12-cv-1095). The instant Habeas Petition is his second attempt at relief under § 2255, which requires prior approval from the Seventh Circuit. There is no indication, however, that Boatman has sought permission from the Seventh Circuit to file a second or successive § 2255 petition. Therefore, this Court is without jurisdiction to consider the pending petition, and it must be dismissed. *Obeid*, 707 F.3d at 901 (citing *Nuñez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996)). Accordingly, Boatman's June 14, 2016 Habeas Petition Under 28 U.S.C. § 2255 (Doc. 1) is dismissed for lack of jurisdiction.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Proceedings instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell,* 537 U.S. 322, 336 (2003). To meet this requirement, the petitioner must "demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong." *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012) (quoting *Tennard v. Dretke,* 542

U.S. 274, 281 (2004)).  The petitioner need not show that his appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part.  *Miller-El*, 537 U.S. at 337, 338.

Here, Boatman did not obtain leave to file a successive § 2255 petition.  Accordingly, he is not entitled to issuance of a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  October 14, 2016**

                                                **s/ Staci M. Yandle**
                                                **STACI M. YANDLE**
                                                **United States District Judge**